UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : BANKRUPTCY NO. 07-11366 |
| | : CHAPTER 7 |
| NANCY S. OBERLANDER, DEBTOR | : |
| | : |
| NANCY S. OBERLANDER, Plaintiff | : ADVERSARY NO. 08-1033 |
| | : DOCUMENT NO. 1 |
| vs. | : |
| CHILD SUPPORT DIVISION, DEPARTMENT OF HUMAN SERVICES, STATE OF TENNESSEE, Defendant | : |

## MEMORANDUM

Before the Court is the Complaint to Determine Dischargeability of a Child Support Debt filed by Nancy S. Oberlander ("Debtor"). The Defendant, Child Support Division, Department of Human Services, State of Tennessee ("DHS") has filed a Motion to Dismiss the Complaint. Both parties have filed Briefs and we find that the matter is ripe for decision.

The obligation that Debtor seeks to discharge arises from Findings and Recommendations of the Chancery Court for Knox County, Tennessee dated February 20, 2007 which provides[1]:

> This cause came on to be heard on the 26th day of January, 2007, before the Honorable Brenda Lindsey-McDaniel, on the referral from Chancellor Fansler to set child support, the statements of counsel for the Father, notice having been given to the Mother and upon her failure to appear and the entire record in this cause, from all of which it is found as follows:

---

[1] The Findings and Recommendations were adopted by Court Order dated March 26, 2007.

> 1. Father's income is found to be $2,987.00 gross per month and Mother's is found to be $2,249.08 gross per month. Father has a minor child living in the home and is therefore qualified for an adjustment for that reason. The appropriate amount of child support under the Child Support Guidelines is found to be $305 per month.
>
> 3.[sic] Mother is found to exercise 80 nights of coparenting per year.
>
> 4. Father shall maintain health insurance for the parties' minor child.
>
> 5. Child support is set retroactive to the date of the Order modifying the Permanent Parenting Plan to November 1, 2005, resulting in a technical arrearage in the amount of $4,270 and Father is granted judgment for that amount to be paid in an additional payment of $50 on her monthly child support obligation.

Debtor initially filed her Petition on August 24, 2007, under Chapter 13 of the Bankruptcy Code. The case was converted to Chapter 7 on November 14, 2007.

On Schedule E, Debtor lists the claim of DHS as a priority claim for "Domestic Support Obligations" and for "child support arrearages."

The substance of Debtor's Complaint is that the Tennessee State Court lacked jurisdiction to hold a hearing on the modification of child support in January 2007 and thus the March 26, 2007 Order of the Tennessee State Court is void ab initio and therefore does not fit the definition of a "Domestic Support Obligation" under 11 U.S.C. § 101(14A) and accordingly is not subject to the discharge exception under 11 U.S.C. § 523(a)(5).

We find that the March 26, 2007 Order of the Tennessee State Court is an existing Order against the Debtor for child support. The debt is clearly a Domestic Support Obligation. Debtor recognized it as such in her Petition.

If the Tennessee Court Order is invalid under state law, then it cannot be enforced. If it is a valid Order, then it is nondischargeable here.

Issues of whether the Tennessee Court Order should be enforced, whether it is subject to modification and whether the Tennessee or Pennsylvania Courts have jurisdiction over child support issues can be resolved by utilizing the expertise of the State Courts.

An appropriate Order will be entered.

Dated: June 25th, 2008

Warren W. Bentz
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE | : BANKRUPTCY NO. 07-11366 |
| | : CHAPTER 7 |
| NANCY S. OBERLANDER, DEBTOR | : |
| | : |
| NANCY S. OBERLANDER, Plaintiff | : ADVERSARY NO. 08-1033 |
| | : DOCUMENT NO. 1 |
| vs. | : |
| CHILD SUPPORT DIVISION, DEPARTMENT OF HUMAN SERVICES, STATE OF TENNESSEE, Defendant | : |

### ORDER

This 25th day of June, 2008, in accordance with the accompanying Memorandum, it shall be and hereby is, ORDERED that the MOTION TO DISMISS COMPLAINT filed by the Defendant, Child Support Division, Department of Human Services, State of Tennessee is GRANTED and the Complaint is DISMISSED.

_____
Warren W. Bentz
United States Bankruptcy Judge

**FILED**

JUN 25 2008

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA
ERIE OFFICE